25 C.C.P.A. (Patents)

### NELSON v. LENNING.
Patent Appeal No. 3944.

Court of Customs and Patent Appeals.
May 2, 1938.

George A. Brace, of Chicago, Ill. (Harry S. Demaree, of Chicago, Ill., and Elmer Stewart, of Washington, D. C., of counsel), for appellant.

William T. Hedlund, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office reversing that of the Examiner of Interferences, which had awarded priority of the subject matter of the counts involved, numbered 1 to 7, inclusive, and 9 to 14, inclusive, to the senior party Nelson, and awarding to the junior party Lenning the invention of the counts involved.

Since no differentiation in the character of the counts here on appeal was made by the Patent Office tribunals and since there is no contention by either of the parties that there is any difference between the elements of the different counts which would affect the decision here, it is thought proper to quote but a single count, count 2, which is illustrative of the subject matter of all the counts. It follows: "2. In an absorption refrigerating system employing two refrigerants, an absorber, means for conducting a gaseous mixture of the refrigerants into said absorber, means for conducting a solvent for one of said refrigerants into said absorber and means for maintaining the upper portion of said absorber at a higher temperature than the lower portion thereof."

The invention involved relates to a refrigerating device in which two refrigerants are employed, the device comprising a generator, condensers, an evaporator, and an absorber. The primary refrigerant is ammonia, and the auxiliary refrigerant is propane. Propane is used in the place of inert gas which is used in other types of absorption systems. The principle involved is that by heat the ammonia vapor is driven off from the solution in the generator and is condensed in a water-cooled condenser, vaporized in the evaporator to give the refrigerating effect, and the vapors are reabsorbed in the absorber. The system requires that the absorbed vapor be condensed, and this is accomplished by a cooling jacket on the absorber. It was discovered that the propane accumulated on top in the absorber and would not evaporate unless there was an application of heat to the top of the absorber. It is with reference to the application of heat at the top of the absorber for the purpose stated that we are here concerned.

Lenning, appellee, was employed by the Electrolux Servel Corporation, assignee of von Platen and Munters, for the purpose of proving operativeness of a refrigerating system similar to that at bar (except in matters which will hereinafter appear) in another interference proceeding between one Altenkirch (Hoover Company assignee) and said von Platen and Munters. The senior party Nelson was employed by the assignee of Altenkirch for the purpose of proving that the von Platen-Munters device was inoperative. In preparing and offering this proof, Lenning built a number of apparatuses including "Propane Apparatus G" which was used as an exhibit in that interference and in this one, and which was relied upon by Lenning to show a reduction to practice in the instant case in the Patent Office. Nelson also proceeded to build several apparatuses. Both parties proceeded independently of one another and intended to build their devices in accordance with the von Platen-Munters application.

The counts at bar are copied from the Nelson patent which issued on September 8, 1931, on an application filed May 24, 1930. The junior party's application was filed on November 1, 1932, about twenty-nine months after Nelson's filing date.

In this court counsel for appellant, Nelson, stated, in substance, that they would

not argue reduction to practice and that the sole issue presented was: Conceding Lenning to have been the first inventor and that he had reduced the invention to practice prior to June 12, 1928 (the date found by the board), it must be held, contrary to the finding of the board, that Lenning had suppressed or concealed his invention so as to bar him from an award of priority under the doctrine akin to equitable estoppel applied in the case of Mason v. Hepburn, 13 App.D.C. 86. Although on account of certain happenings in the prior interference and certain features of the Lenning disclosure there has been much controversy in the Patent Office as to whether or not Lenning had actually solved the problem here involved until he filed the application at bar, there is no such question raised here, and the sole question for us to determine is whether or not Lenning's conduct was such as to make the doctrine of Mason v. Hepburn, supra, applicable.

The absorber in "Propane Apparatus G" is a cylindrical steel tank about four inches in diameter and one foot long. There are cooling pipes at the bottom, and no method for heating at the top is disclosed in the exhibit. It was the contention of Lenning's assignee in the prior interference that the absorber worked to produce refrigeration. The application of artificial heat to the absorber was not stressed in the former interference, but it was contended that the feature of having the top of the absorber at a higher temperature than the lower portion was inherent in the structure. It was necessary to take this position in order to win that interference. The Patent Office tribunals held against Lenning's assignee in that interference and appellee states that "appeals from the Board's decision to the Court under Rev.St. § 4915 [as amended, 35 U.S.C.A. § 63] were voluntarily dismissed."

Nelson, who, as hereinbefore stated, was employed by the Hoover Company to prove inoperativeness of the von Platen-Munters structure, was present at the taking of the testimony of Lenning and other witnesses for Lenning's assignee on the question of operativeness. He saw "Propane Apparatus G" operated to produce refrigeration. The machine was fully and successfully operated in his presence. Nothing in the record discloses that Lenning pointed out that external heat had to be applied to the top of the absorber in order to start the operation which Nelson observed. In connection with that testimony, however, an exhibit was introduced which is in the instant record as Lenning Exhibit L–18. The same was introduced as Exhibit AA by the Hoover Company in the prior interference. Exhibit L–18 comprises several log sheets upon one of which is a sketch which definitely shows a gas flame applied to an absorber in an apparatus similar to "Propane Apparatus G." This sketch was made prior to the taking of said testimony and the particular date upon which it was made is therefore unimportant. It is stated by appellee, and not denied by appellant, that the Hoover Company seized upon this showing to demonstrate that a structure built in accordance with the counts of that interference was inoperative and that Lenning had done something amounting to invention when he succeeded in making the device operate. In this interference, the Examiner of Interferences pointed out that: "In the prior interferences the von Platen and Munters application was held inoperative because the operativeness attained by the apparatuses introduced in evidence resulted from the use of additional features or changes which amounted to invention and because at least some of these apparatuses were held to operate by the production of a pool of propane on the surface of the solution in the absorber, which, on supplying the necessary heat to this portion of the absorber, vaporized to permit the necessary transfer of the propane to the evaporator side of the apparatus. * * *"

Nelson, after witnessing the Lenning disclosure, claims that he discovered immediately why "Propane Apparatus G" would not function. He stated that after he witnessed this demonstration on the part of Lenning and discovered the final step that would make the machine operable and successful, he became convinced that Lenning could not have produced refrigeration except and unless he had applied external heat, but Nelson denies having received this idea from Lenning. It is upon the belief that Lenning had been required to apply heat at the top of the absorber that it is conceded that Lenning was the first inventor in fact.

The position is, therefore, taken by Nelson that, conceding that Lenning had reduced to practice the invention at bar prior to June 12, 1928, he waited until November 1, 1932, almost four years and five months later, to file his application here involved and then only after he had failed

in the other interference and after he had been spurred into activity by seeing the Nelson patent, and that, under such circumstances, he is barred under the doctrine of Mason v. Hepburn, supra.

Under the foregoing statement of facts, the answer to one question is controlling of our decision herein: Did Lenning suppress and conceal his invention so as to make applicable the Mason v. Hepburn doctrine?

We have frequently commented on the decision in that case, and this and other courts have on a number of occasions announced that the doctrine when properly applied was a wholesome one. The doctrine is well settled and is in substance that a subsequent inventor of a new and useful manufacture who has diligently pursued his labors to the procurement of a patent in good faith and without any knowledge of the preceding activities of another will be regarded as the first inventor in law even though he was not the first inventor in fact where the first inventor has deliberately concealed his invention from the public for a long period of time and then claimed it only when he was spurred into activity by the knowledge of the subsequent inventor's claim for patent reward. This whole question was discussed at length in Severson v. Olson, 64 F.2d 694, 20 C.C.P.A., Patents, 946; Miller v. Hayman, 848, 46 F.2d 188, 18 C.C.P.A., Patents, and numerous other decisions of this court.

We agree with the board that the facts in this case as to the conduct of Lenning do not call for the application of the doctrine akin to equitable estoppel announced in the foregoing decisions. In the first place, it is doubtful if Nelson is the same character of independent inventor, under the facts heretofore stated, in whose favor the estoppel operated in Mason v. Hepburn, supra. But whether this be true or not, it is clear that Nelson could hardly be said to be placed in the same character of inequitable disadvantage as was Mason. Moreover, we are certain that upon the facts heretofore stated, it cannot be held logically that Lenning deliberately concealed and suppressed his invention in the sense that the invention was concealed and suppressed in the Mason v. Hepburn Case. There, Mason not only withheld it from the public by concealing and suppressing it, but delayed about seven years, without offering any satisfactory excuse for so doing, and then only sought his reward when he saw it going to another. Hepburn knew nothing of Mason's early activities.

While it seems inconsistent for it to be contended in one interference proceeding that a certain function is inherent in a device, and, in another interference proceeding contending that it was not inherent and was affirmatively disclosed and that providing mechanism for bringing about this function amounts to invention, it must be remembered that, regardless of this inconsistency, the party Lenning in the prior interference disclosed rather than concealed a means of heating the top of the absorber. The fact that the importance of this feature of his device was, under the exigencies of that case, minimized, is not of importance in the decision of the instant issue. These facts do not show suppression or concealment. Moreover, "Propane Apparatus G" was successfully operated in the presence of Nelson, and while the particular processes taking place inside the absorber, or how they were started, were not explained by Lenning, it was operated in such a manner that Nelson became convinced of how it was being operated and why it operated. While these facts do not show as full a disclosure to Nelson as might be required by the patent laws under certain other circumstances, not here involved, they certainly cannot be looked upon as showing a deliberate concealment or suppression of the invention.

Under appellant's reasons of appeal, relied upon in this court, we have passed upon the only question involved. It being admitted that Lenning was the first inventor in fact, and it being held that he is not barred under the doctrine of concealment and suppression, it follows that the board correctly awarded to him priority of invention of the involved counts, and its decision is affirmed.

Affirmed.